IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMANUAL DELEON FIELDS | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § No. 3:13-cv-3418-N-BN |
| | § |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This closed habeas proceeding under 28 U.S.C. § 2254 was referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. In this closed case, Petitioner Emanual Deleon Fields filed on February 24, 2015 a "Motion for Leave to Proceed on Newly Discovered Evidence Under the Ends of Justice on Actual Innocence" [Dkt. No. 7], in which he requests this Court "for leave to proceed on appeal of second § 2254," and which the Court should construe as a successive habeas application and transfer to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner's 2006 Section 2254 habeas petition was denied when the Court adopted the findings and recommendation of Magistrate Judge Jeff Kaplan. *See Fields v. Quarterman*, No. 3:06-cv-236-N, 2007 WL 1435606 (N.D. Tex. May 16, 2007), *aff'd*, 588 F.3d 270 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 235 (2010). In 2013, the Court

construed Petitioner's Federal Rule of Civil Procedure 60(b) motion, in which he contended that he should be granted leave to file a second Section 2254 petition due to newly-discovered evidence of his innocence, as a successive habeas petition and transferred the petition to the Fifth Circuit. *See* No. 3:06-cv-236-N, Dkt. No. 42; *Fields v. Quarterman*, No. 3:13-cv-3418-N (N.D. Tex.), Dkt. No. 4. And the Fifth Circuit denied Petitioner leave to file a successive Section 2254 motion on November 8, 2013. *See* No. 3:13-cv-3418-N, Dkt. No. 6.

Through the petition now before the Court, Petitioner is again asserting that newly-discovered evidence supports his claim of actual innocence and further recognizes that this filing is a successive habeas petition. *See* Dkt. No. 7.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

> and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's construed application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

The Clerk of Court should be directed to open, for statistical purposes, a new civil action (nature of suit 530), assigned to United States District Judge David C. Godbey and United States Magistrate Judge David L. Horan, to docket Petitioner's "Motion for Leave to Proceed on Newly Discovered Evidence Under the Ends of Justice

on Actual Innocence" in the new civil case, and to close the new case on the basis of this order.

Petitioner's "Motion for Leave to Proceed on Newly Discovered Evidence Under the Ends of Justice on Actual Innocence" motion in his 2013 case, Fields v. Quarterman, No. 3:13-cv-3418-N (N.D. Tex.), should be termed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE